# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

TROY W. CHIASSON                                    Civil Action No. 6:17-1335

versus                                                             Judge Unassigned

HARBOR FREIGHT TOOLS,                   Magistrate Judge Carol B. Whitehurst
USA, INC.

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is a Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 5] filed by defendant Harbor Freight Tools, USA, Inc.("defendant"). Plaintiff Troy W. Chiasson opposes the motion [Doc. 7], and defendant has filed a Reply brief [Doc. 11]. For the reasons that follow, the undersigned recommends that the motion be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action was removed to this Court on October 18, 2017, from the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana under the Court's diversity jurisdiction. According to the plaintiff's petition, the plaintiff purchased a Chicago Electric Power Tools Brand 18 Volt Cordless Heavy Duty Reciprocating Saw and a Chicago Electric Power Tools Brand 8 Volt NiCad Battery (collectively, the "products") from the defendant's store located in Lafayette, Louisiana on July 22, 2016. Plaintiff alleges that on September 9, 2016, he was using the saw when the battery malfunctioned and exploded, destroying the saw and battery, and causing the

plaintiff to fall, which caused personal injuries. The plaintiff alleges the defendant negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the saw and battery, and that the products were defective in design.

In the instant motion to dismiss, the defendant argues (1) the plaintiff's claims are time-barred, and (2) the plaintiff fails to state a claim against it, because it is a non-manufacturing seller and therefore cannot be liable under the Louisiana Products Liability Act.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility"

that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

## III. ANALYSIS

As jurisdiction in this matter is premised upon 28 U.S.C. § 1332 (diversity of citizenship), Louisiana law governs the substantive issues of law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). As such, the Court is duty bound to apply Louisiana law. The defendant argues that under Louisiana law, the plaintiff's claims are subject to dismissal on two grounds: (1) the claims are prescribed; and (2) the plaintiff fails to state a claim against a non-manufacturing seller. Additionally, although the plaintiff does not cite to the Louisiana Products Liability Act in his petition, all parties agree the claims alleged in the instant case arise under, and are governed by,

the LPLA.

## 1.   Prescription

The defendant argues the plaintiff's claims are prescribed under Article 3492 of the Louisiana Civil Code, which provides that delictual actions are subject to a liberative prescription of one year, which commences to run from the date the injury or damage is sustained.  The defendant argues the accident in question occurred on September 9, 2016, and therefore the plaintiff's claims prescribed if he did not files suit on or before September 9, 2017.  Because the plaintiff filed his lawsuit on September 14, 2017, the defendant argues the plaintiff's claims are prescribed.

In response, the plaintiff agrees that the applicable prescriptive period in this case expired on September 9, 2017, but that because September 9, 2017 fell on a Saturday, the prescriptive period actually did not expire until the end of Monday, September 11, 2017, the next business day of the Court.  The plaintiff then argues that pursuant to La. Rev. Stat. §13:850(A), timely facsimile transmission of a petition interrupts prescription, and pursuant to the statute, filing of a petition is complete when facsimile transmission is received and receipt of transmission has been transmitted.  Section 13:850(A) states:

> Facsimile transmission; filings in civil actions; fees; equipment and supplies:
>
> Any document in a civil action may be filed with the clerk of court by

facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

La. Rev. Stat. §13:850 (West 2017). In further support of his motion, the plaintiff presents evidence that the state court petition in this matter was fax-filed in accordance with Louisiana law on September 8, 2016. The defendant does not challenge the plaintiff's evidence in his Reply brief and, in fact, has withdrawn its motion as it relates to the prescription argument.

Considering the foregoing, the undersigned finds the instant matter was timely filed, and the defendant's argument that the plaintiff's claims are prescribed is without merit.

## 2. Failure to state a claim against a non-manufacturing seller

The defendant also argues the plaintiff fails to state a claim upon which relief can be granted, arguing the plaintiff's claims arise under the Louisiana Products Liability Act ("LPLA"), §9:2800.52, *et seq.*, which does not grant relief against a

non-manufacturer seller. The undersigned finds this argument is also without merit.

Despite the fact that the plaintiff's petition does not cite the LPLA, the Act establishes the exclusive theories of liability for manufacturers for damages caused by their products. *See, e.g., Haley v. Wellington Specialty Ins. Co.*, 4 So.3d 307, 311 (La. App. 2nd Cir. 2009), *citing Slaid v. Evergreen Indem., Ltd.*, 745 So.2d 793 (La. App. 2nd Cir. 1999). Thus, the provisions of the LPLA apply to the plaintiff's claims herein.

Under the LPLA, a manufacturer of a product is liable for damages proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity. La. Rev. Stat. §9:2800.54; *Slaid*, 745 So.2d at 797. La. Rev. Stat. §9:2800.53 defines "manufacturer" as follows:

> (1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:
>
> * * *
>
>> (b) A seller of a product who exercises control over or **7 influences a characteristic of the design, construction or quality of the product that causes damage.
>>
>> (c) A manufacturer of a product who incorporates into the product a component or part manufactured by another

6

manufacturer.

      * * *

La. Rev. Stat. §2800.53 (West 2017).

La Rev. Stat. §9:2800.53(2) provides that a "[s]eller" means a person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value." La. Rev. Stat §9:2800.53(2). Under Louisiana law, a non-manufacturing seller is liable for damages caused by a product he sold "if he knew or should have known that the product sold was defective, and failed to declare it." *Whitener v. Pliva, Inc.*, 2010 WL 3021866 (E D. La. July 29, 2010), *citing Slaid* 745 So.2d at 797.

In the instant case, the plaintiff has pled the following facts:

- Plaintiff is a "*claimant*" as defined by La. R. S. §9:2800.53(4);

- The defendant is in the business of selling at retail to the public discount tools and equipment, including the saw and battery at issue herein, therefore he has pleaded Defendant as a "*seller*" as defined by La. R. S. §9:2800.53 (2).

- The defendant is in the business of designing, manufacturing, constructing, assembling, inspecting, and selling various types of discount tools and equipment, including the saw and battery at issue herein, therefore he has pleaded Defendant as a "*manufacturer*" as defined by La. R. S. §9:2800.53(1);

- Plaintiff purchased and operated the subject saw and battery for personal use, and thus the saw and battery are "*products*" as defined by La. R. S.

§9:2800.53(3);

- The saw and battery purchased were used by the plaintiff to cut materials in accordance with the product guidelines, therefore the plaintiff has asserted "*reasonable anticipated use*" as defined by as defined by La. R. S. §9:2800.53(7).

- While in the reasonable anticipated use of the saw and battery at issue herein, the battery exploded and directly caused the plaintiff personal injury, property damage, and resulting monetary losses, seeking special and general damages as a result, therefore the plaintiff has asserted a claim for "*damages*" caused by the product as defined by La. R. S. §9:2800.53(5);

- Plaintiff was not informed of the risk that the batteries would explode during normal use, and thus was not given "*adequate warning*" as defined by La. R. S. §9:2800.53(9);

- Plaintiff alleges "[d]efendant Harbor Freight Tools USA, Inc. so negligently and carelessly designed, manufactured, constructed, assembled, inspected, and sold the saw and battery that they were dangerous and unsafe for their intended uses."

To survive a motion to dismiss, the plaintiff need only allege sufficient facts in his petition to state a claim that can be satisfied at trial. The plaintiff need not prove his allegations at this stage of the litigation and, indeed, additional discovery appears to be necessary in order for the plaintiff to prove the defendant "knew or should have known that the product sold was defective, and failed to declare it." *Whitener v. Pliva, Inc.*, 2010 WL 3021866 (E D. La. July 29, 2010), *citing Slaid* 745 So.2d at 797. At this juncture, however, the plaintiffs' allegations, taken in the light

most favorable to him, are well-pled and state valid claims against the defendant pursuant to controlling state substantive law, that is, the Louisiana Products Liability Act. Consequently, the defendant's argument that the plaintiff fails to state a claim under the Act is without merit.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc. 5] filed by defendant Harbor Freight Tools, USA, Inc. be DENIED for the reasons stated herein.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415

(5th Cir.1996).

       **THUS DONE AND SIGNED** at Lafayette, Louisiana, this 18th day of December, 2017.

                                                **CAROL B. WHITEHURST**
                                                **UNITED STATES MAGISTRATE JUDGE**